Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Penna.

_____ Division

| | |
|---|---|
| Martin W. Jones | ) Case No. _19-04678_ |
| *Plaintiff(s)* | ) *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| -v- | ) |
| | ) |
| | ) |
| Tony Marsaglia, et al., | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names. Do not include addresses here.)* | ) |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Martin W. Jones |
| All other names by which you have been known: | N/A |
| ID Number | NN-4778 |
| Current Institution | SCi-Camphill |
| Address | PO Box 200 |
| | Camphill    Penna.   17001 |
| | *City*    *State*    *Zip Code* |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Frank Najera |
| Job or Title *(if known)* | Upper Saucon Police Detective |
| Shield Number | Phone # 610-972-2732 |
| Employer | Upper Saucon Police Department |
| Address | 5500 Camp Meeting RD |
| | Center Valley  PA. 18034-8401 |
| | *City*    *State*    *Zip Code* |

☑ Individual capacity    ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Michael Kaminski |
| Job or Title *(if known)* | Police officer |
| Shield Number | #50 |
| Employer | Upper Southampton Police Dept. |
| Address | 939 Street RD, |
| | Southampton Penna,   18966 |
| | *City*    *State*    *Zip Code* |

☑ Individual capacity    ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
  Name        _Joshua Mallery_
  Job or Title *(if known)* _Bucks County Detective_
  Shield Number   _# 99-30_
  Employer    _Bucks County District Attoreys_
  Address     _100 N. Main str._
         _Doylestown Penna, 18901_
          City    State   Zip Code
    ☑ Individual capacity  ☐ Official capacity

Defendant No. 4
  Name        _Tony Massaglia_
  Job or Title *(if known)* _Upper Southampton Police Detective_
  Shield Number   _610-637-4536_
  Employer    _Upper Southampton Police Detective_
  Address     _939 Street RD._
         _Southampton  Penna,  18966_
          City    State   Zip Code
    ☑ Individual capacity  ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

  ☐ Federal officials (a *Bivens* claim)

  ☑ State or local officials (a § 1983 claim) *SEE EXIBIT: A*

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

  *SEE EXIBIT: B*

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

*N/A*

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any
statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."
42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color
of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of
federal law.  Attach additional pages if needed.

*SEE EXIBIT : C*

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the
alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include
further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite
any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain
statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*SEE EXIBIT : D*

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

*N/A*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.       What date and approximate time did the events giving rise to your claim(s) occur?

April 11, 2018, and between November 7, 2017   1-10-2018

D.       What are the facts underlying your claim(s)?  *(For example: What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

SEE EXIBIT: D

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

N/A

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

SEE EXIBIT: E

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

2.   What did you claim in your grievance?

3.   What was the result, if any?

4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

F.   If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

*N/A*

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

*N/A*

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*N/A*

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?


☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition. _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)      N/A
     Defendant(s)      N/A

2.   Court *(if federal court, name the district; if state court, name the county and State)*

     N/A

3.   Docket or index number
     N/A

4.   Name of Judge assigned to your case
     N/A

5.   Approximate date of filing lawsuit
     N/A

6.   Is the case still pending?

     ☐ Yes

     ☒ No

     If no, give the approximate date of disposition _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

     N/A

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     9-11-2020

Signature of Plaintiff     _Martin W. Jones_
Printed Name of Plaintiff     Martin W. Jones
Prison Identification #     NN-4778
Prison Address     SCi-Camphill
     Camphill                    Penna,  17001
                        City                         State          Zip Code

### B.    For Attorneys

Date of signing:     _____

Signature of Attorney     _____
Printed Name of Attorney     _____
Bar Number     _____
Name of Law Firm     _____
Address     _____
                        City                         State          Zip Code

Telephone Number     _____
E-mail Address     _____

Case No. 19-04678

I. JURISDICTION & VENUE  ①

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff Jones seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Jones claims Compensatory and Punitive damages relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. CONSTITUTIONAL AMENDMENTS

A. AMENDMENT 4th

The right of the people to be secure in there persons, houses, papers, and seizures, shall not be violated.

B. AMENDMENT 14th

All persons born or naturalize in the United States, and subject to the jurisdition there of, are citizens of the United States and of the State, where in they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, or property, without due process of law; nor deny any person within its jurisdiction, the equal protection of the law.

EXIBIT "A"

EXIBIT "B"

Case No. 19-04678

②

EXIBIT B

3. Each Defendant is being sued in his individual capacity. At all times in this complaint defendant acted under color of State law.

4. All defendants acted outside their scope of duty.

## FACTS

EXIBIT C

5. Plaintiff Jones asserts that Defendant's Marsaglia, Najera and Mallery, in their individual capacities, unlawfully entered and searched Plaintiff Jones's residence. on April 11, 2018. And defendant Kaminski.

6. Defendant Kaminski Conspired with defendant's Marsaglia, Najera and Mallery To violate ~~my~~ plaintiff Jones's 4th Amendment and 14th Amendant.

7. The search of plaintiff's residence was not a protective sweep.

8. Defendant's Najera and Mallery unlawfully searched plaintiff Jones's 2 cell phones.

9. Defendant Najera Confiscated 2 cell phones in a traffic stop.

## LEGAL CLAIM

EXIBIT D

10. Plaintiff Jones, reallege and incorporate by reference paragraphs 1, defendants acted to plaintiff Jones's needs.

11. On April 11, 2018, defendant Kaminski signed a criminal complaint for plaintiff Jones, from incident September 1, 2017.

Case No. 19-04678

③

EXIBIT: D

EXIBIT: D

12. All defendant's played a roll, which they wrote out, in a plan: THE BUCKS COUNTY DRUG STRIKE FORCE, Ops MISSION: On April 11, 2018, defendant's planned to serve a body warrant on plaintiff Jones.

13. In that defendants Marsaglia, Najera, Mallery and Kaminski, Conspired to violate plaintiff Jones's, 4th and 14th Amendment's,

14. Defendant's openly written it, in there plan of attack,

15. Each Government official defendant's, through the official's own individual actions, has violated the Constitution.

16. On November 7, 2017 defendant Najera placed plaintiff Jones, under arrest for possession of drug paraphernalia in a traffic stop.

17. Defendant Najera confiscated 2 cell phones from plaintiff Jones, plaintiff Jones was incarcerated for 2 weeks. On or about November 21, 2017, plaintiff got out of jail, and went to Upper Saucon Township Police department, to retrieve his cell phones from defendant Najera.

18. Defendant Najera and Mallery both reviewed plaintiffs 2 cell phones, Then had Plaintiff sign consent after they viewed and extracted both cell phones.

19. On 1-10-2018, defendant Najera returnd, Plaintiffs 1 cell phone, And had Plaintiff sign a consent form for only 1 cellphone. After the extraction.

Case No. 19-04678

④

20. On 1-10-2018 when plaintiff retrieved his cell phone, plaintiff didn't know about 2nd cell phone that defendant Najera had.

21. In a Summary report on February 13, 2018, to defendant Mallery, Defendant Najera tells Mallery in e-mail, That he has in his possession 2 cell phone extraction, from plaintiff Jones's 2 cell phones.

22. Plaintiff Jones, wants copy of 2nd cell phone Extraction.

## PRAYER FOR RELIEF

23. WHEREFORE, plaintiff respectfully pray that this court Enter judgement:

24. Granting plaintiff Jones, a declaration that the acts and ommission described here in violate plaintiff Jones's rights, Against each defendant, jointly and severally.

25. Granting plaintiff Jones, Compensatory Damages in the amount of: what court deems, just and fair.

26. Granting plaintiff Jones, Punitive Damages in the amount of: what court deems, just and fair.

27. Plaintiff also seeks jury trial on all issues triable by Jury.

28. Plaintiff also seeks recovery of their cost in this Suit, and

29. Any additional relief this court deems just, proper, and equitable.

Martin W. Jones / NN-4778

~Martin W. Jones~

SCI-Camphill
P.O. Box, 200
Camphill, PA,
17001

Date
9-11-2020



**Address & description:**   4400 Old Bethlehem Pk, Center Valley, PA 18034 (Upper Saucon Twp)

## TARGET INFORMATION
### Biographical Information & Photo



Martin Jones  8-1-62

## Criminal History

EXTENSIVE history dating back to 1982 to include assaults, burglary, theft,  drugs, firearms

## WEAPONS

**None reported by cooperating parties, felon not to possess**

D



# Drug Strike Force
# Ops Plan

| Case #: 99-2018-0219 | Detective: Mallery | Supervisor: DC Mosiniak |
|---|---|---|
| Briefing Date: 4-11-18 | Briefing Time: 1530 | |
| Briefing Location: Upper Saucon Township Police | | |
| Ops Plan Prepared by: Mallery | Approved by: | |
| Controlled Buy: | Search Warrant: | Arrest Warrant: XX |

## CASE BACKGROUND/MISSION

Martin Jones had been the operator of a vehicle in September 2017 in Upper Southampton Township, Bucks County in which 5 ounces of methamphetamine had been recovered. Initially, passenger, Jenny Jones was arrested for the methamphetamine. Martin Jones was let go. After further investigation over the past few months, it was determined indeed that Martin Jones was the primary possessor of the methamphetamine and had been responsible for having pounds of methamphetamine shipped from Las Vegas to the Bucks County area.

The mission in April 11th will be for Officer Kaminski to meet Detective Mallery at Quakertown Pl and obtain arrest warrant for Martin Jones at app 1445 hours. Mallery, Kaminski and Detective Marsaglia will then travel to Upper Saucon PD and brief with Detective Frank Najera whom is familiar with Martin Jones and his residence. Surveillance will be set up in area to determine if Martin is home. (Martin works at a body shop in the Hellertown area believed in daytime busine hours. If Martin is home, Detective Najera and Mallery will knock on the door in pain clothes an make contact with Martin. Upper Saucon patrol, Officer Kaminski, and Detective Marsaglia will cover perimeter. If Martin is there, Officer Kaminski and Detective Marsaglia will move in and place Martin under arrest.

Detective Najera will make general observations if inside the residence and if probable cause exists, possibly obtain a search warrant or consent to search.

Martin will be requested to waive his Lehigh arraignment(sign off) and be transported to Quakertown PD(or possibly Upper Southampton PD pending time constraints) for Livescan and video arraignment at 2000 hours. Officer Kaminski will take care of all transports in a caged vehicle.

## TARGET VEHICLE INFORMATION

| Vehicle(s) | Tag | Registered Owner |
|---|---|---|
| Unknown at this point | ZBY1916 | Jason Frederick(Target) |
| | | |

| POLICE PERSONNEL | | |
|---|---|---|
| **Name** | **Cell #** | **Assignment** |
| | | |
| Detective Frank Najera | 610-972-2732 | Contact |
| Detective Mallery(99) | 267-372-3799 | Contact |
| Officer Mike Kaminski | 267-278-5133 | Arrest/Transport |
| Detective Tony Marsaglia | 610-637-4530 | Arrest/Transport |
| Upper Saucon patrol unit | ? | Perimeter |

## INVESTIGATION NOTES

**All communications will be via cell phone**

Martin Jones co-defendant is Jenny Jones and expected to be present. Jenny provided information that is listed in Martin's PC. Jenny was reluctant to cooperate against Martin and may be fearful of him. She provided information in the past that he bet her with a pipe and broke her arm and Martin has also been cited for harassment in Upper Saucon in past for hitting her. Separate both parties immediately and not show Martin his Criminal complaint/PC until he is away from Jenny.

For these reasons, HIGH bail will be requested in conjunction with Martin's extensive Criminal history.

Both are heavy methamphetamine users as well.

Targets last known phone number is 484-773-3376

1 of 1

BUCKS COUNTY DETECTIVES

99-2018-0219
**FILE NUMBER**

## SUMMARY

On March 15, 2018 Cotelia Bond-Young from USPS emailed back and advised that only one package was delivered to the address I provided her in New York.  She advised the address in Las Vegas had no packages shipped from it.

Due to the fact that there is no video from either the Feasterville Post Office and Las Vegas post office long with no actual packages intercepted, there will be no further active investigation at this point into Jones and his Las Vegas connect.

I conferred with DDA Kohler and it was agreed upon that Marty Jones would now be charged for the 5 ounces of methamphetamine from the September traffic stop.  I will co-sign complaint once prepared.

**STATUS:**   PENDING
**REPORTED BY:**   Det. Joshua C Mallery  3-21-18

| DATE OF INV. | DATE DICTATED | DATE OF TRANSCRIPTION |
|---|---|---|

| SIGNATURE | REVIEWED BY | FILE NAME |
|---|---|---|

This document is the property of the Bucks County Detectives and is loaned to your agency; it and its contents are not to be distributed outside your agency.

**DECLARATION BY CUSTODIAN OR OTHER QUALIFIED PERSON PURSUANT TO P.A.R.E. 902(11): DOMESTIC RECORDS OF REGULARLY CONDUCTED ACTIVITY**

**IN ACCORDANCE WITH PENNSYLVANIA RULE OF EVIDENCE 902(11):**

Institution name: United States Postal Inspection Service
Records Custodian Name/Title: Cotelia Bond-Young / Postal Inspector
Institution Mailing Address: 1000 W Valley Rd.
Southeastern PA 19399

Email for Records Custodian: Cbond-young @USPIS.gov

**I HEREBY CERTIFY THE FOLLOWING:**

1. The attached documents are original or duplicate copies of one or more memoranda, reports, records, and/or data compilations, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge of such matters;

2. Said memoranda, reports, records, and/or data compilations were kept in the course of the regularly conducted activity of a business, institution, association, profession, occupation or any other calling;

3. Said memoranda, reports, records, and/or data compilations were made by such regularly conducted activity as a regular practice of the business, institution, association, profession, occupation or any other calling; and

I verify that the facts set forth in this Declaration are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of Section 4904 of the Pennsylvania Crimes Code, 18 Pa, C.S.§ 4904, relating to unsworn falsification to authorities.

Date: 8/28/18

Signature

Cotelia Bond-Young
Name (Please PRINT)

**ZIP11: 19053040404 Acceptance Date From: 3/8/2016 to 3/7/2018**

| Label | Cust ID | Customer Location Name | Acceptance Date |
|---|---|---|---|
| EL778660212US | | Retail Express Mail | 5/17/2017 |
| EL778667476US | | Retail Express Mail | 6/1/2017 |
| EL778667462US | | Retail Express Mail | 6/2/2017 |
| EL767960193US | | Retail Express Mail | 6/27/2017 |
| EL872669216US | | Retail Express Mail | 7/3/2017 |
| 9505514718997243162497 | | POS/RSS, APC or CARS | 8/31/2017 |
| EL852790439US | | Retail Express Mail | 8/31/2017 |

| Delv Address | Delv ZIP Code | Delv ZIP Code +4 | Delivery City | Delivery State | Delv Walk Seq No | Delivery Date |
|---|---|---|---|---|---|---|
| PO BOX 404 | 19053 | 0404 | FEASTERVILLE TREVOSE | PA | 04 | 5/19/2017 |
| PO BOX 404 | 19053 | 0404 | FEASTERVILLE TREVOSE | PA | 04 | 6/2/2017 |
| PO BOX 404 | 19053 | 0404 | FEASTERVILLE TREVOSE | PA | 04 | 6/3/2017 |
| PO BOX 404 | 19053 | 0404 | FEASTERVILLE TREVOSE | PA | 04 | 6/28/2017 |
| PO BOX 404 | 19053 | 0404 | FEASTERVILLE TREVOSE | PA | 04 | 7/5/2017 |
| PO BOX 404 | 19053 | 0404 | FEASTERVILLE TREVOSE | PA | 04 | 9/2/2017 |
| PO BOX 404 | 19053 | 0404 | FEASTERVILLE TREVOSE | PA | 04 | 9/1/2017 |

| Mailing Weight | Item Postage Amt | Mail Piece ID |
|---|---|---|
| 0.62 | $23.75 | 38963481987 |
| 2.31 | $48.80 | 39188444290 |
| 1.44 | $23.75 | 39207967233 |
| 0.88 | $23.75 | 39598055065 |
| 0.69 | $23.75 | 39693669461 |
| 0.56 | $6.65 | 40629877611 |
| 0.56 | $23.75 | 40630465943 |

| Sales Source Desc | Mail Class Code | Mail Class Desc | Acceptance ZIP Code | Acceptance City | Acceptance State |
|---|---|---|---|---|---|
| Retail | EX | Priority Mail Express | 89030 | NORTH LAS VEGAS | NV |
| Retail | EX | Priority Mail Express | 89030 | NORTH LAS VEGAS | NV |
| Retail | EX | Priority Mail Express | 89102 | LAS VEGAS | NV |
| Retail | EX | Priority Mail Express | 89030 | NORTH LAS VEGAS | NV |
| Retail | EX | Priority Mail Express | 89104 | LAS VEGAS | NV |
| Retail | PM | Priority Mail | 89199 | LAS VEGAS | NV |
| Retail | EX | Priority Mail Express | 89199 | LAS VEGAS | NV |

BUCKS COUNTY DETECTIVES

99-2018-0219
FILE NUMBER

## SUMMARY-*MARTIN JONES-Arrest warrant, search warrant etc*

On April 11, 2018 Officer Mike Kaminski of Upper Southampton and I co-signed a criminal complaint for Martin Jones for his involvement in the 5 ounces of methamphetamine at the September 4, 2017 incident.  The complaint was sworn in front of Judge Benz and arrest warrant issued for Martin Jones with a 72 hr NCIC entry delay.

At app 1600 hours Officer Kaminski and I met with Detective Frank Najera at Upper Saucon PD to serve the arrest warrant at Jones LKA of 4400 Old Bethlehem Pk, Center Valley, PA.  We traveled to that address at app 1630 hours where Najera spoke with Jones past landlord whom said he had relocated with his camper, possibly to Quaker Woods or Tohickon Campground.  Jones owed him money for the electric bill still and expected he' may be back.  Najera did advised that Jones Ford 500 PA KLA3297 had past by their departments plate reader at app 1600 hours so he was suspected to possibly still be mobile.

At that point, do to both locations being in Bucks County, Officer Kaminski and I traveled first to the area of Quaker Woods Campground at 2225 Rosedale Rd, Milford Township, Bucks County. I traveled through the campground and could not locate the Ford at any campsite and noted most campers were backed in so I was unable to obtain tags.

     I stopped in the campground office and met with the owner, Angela Yu.  I asked her if she was familiar with Martin and Jenny Jones. She advised she indeed was an indicated they had checked in the campground on March 31, 2018.  Yu pointed out the first occupied campsite on the left upon entry to the property she said was occupied by Martin Jones and Jenny Jones  Yu advised she had been seeing another unknown male there as of the last few days that is not supposed to be there.

DATE OF INV.        DATE DICTATED        DATE OF TRANSCRIPTION

SIGNATURE           REVIEWED BY          FILE NAME

This document is the property of the Bucks County Detectives and is loaned to your agency; it and its contents are not to be distributed outside your agency.

# BUCKS COUNTY DETECTIVES

<u>99-2018-0219</u>
**FILE NUMBER**

I observed that camper to be a 2002 white Jayco Jay Flight trailer bearing PA registration XGH5465 registered to Martin Jones.

I set up surveillance in the front of the campground and had Officer Kaminski along with PSP Troopers, including Trooper Rogers and Stewart stage down the street out of view.

During that time, I observed the known wanted subject, Martin Jones along with his girlfriend, Jenny Jones pull into the campground in a 2007 red Ford 500 bearing PA registration KLA3297. The Ford parked at the Jayco camper.

I, along with assistance from Officer Michael Kaminski of Upper Southampton Police Department along with members of the Pennsylvania State Police, including Trooper Rogers and Stewart of the Pennsylvania State Police Dublin Barracks approached the camper and knocked on the door.  Officer Kaminski and Troopers were in full uniform and marked patrol units.

Officer Kaminski knocked on the door and Martin Jones answered.  Troopers and I stood by as Martin was handcuffed in the doorway for officer safety due to other occupants present while Jones was secured.  I spoke with known occupant of the camper, Jenny Jones along with Martin Burg whom were inside the camper. Jenny Jones was inquiring what was happening with Martin and engaged in conversation about the case which she also was familiar with.  Jenny began asking to see Martin but he was not secured in a patrol unit at that time. For officer safety she was contained to the camper area along with another occupant, Martin Burg.  While speaking with Burg and Jenny Jones, I heard Trooper Stewart asking Jones about the location of guns. I determined through the conversation that guns were suspected in the camper. I was advised also that on search incident to arrest, a shotgun "bolt" was located on Martin Jones' person.

Through the investigation, I had learned by running Martin Jones criminal history that he had been a convicted felon not to

| DATE OF INV. | DATE DICTATED | DATE OF TRANSCRIPTION |
|---|---|---|

| SIGNATURE | REVIEWED BY | FILE NAME |
|---|---|---|

This document is the property of the Bucks County Detectives and is loaned to your agency; it and its contents are not to be distributed outside your agency.



BUCKS COUNTY DETECTIVES

<u>99-2018-0219</u>
**FILE NUMBER**

possess firearms.  His criminal history for his state
identification number shows that he is disqualified to
own/possess any firearms.

At one point, while in by the front door/kitchen area of the
camper observed Martin Burg appearing extremely nervous and was
looking at one of the Troopers waistbands in the direction of his
firearm.  Burg was asked if he had any weapons on his person.
Burg admitted to having a knife in his right front pocket which
your affiant removed and found to be spring assisted, making it
illegal to possess.  Burg also admitted to an orange capped
needle on his person which I felt on a pat down for weapons and
was removed.  Burg admitted to shooting methamphetamine with it.
Also found on his person were two clear plastic baggies commonly
used for packaging methamphetamine.

During interaction with Jenny then, I asked if there were
any guns in the residence.  Jenny said there had been but Martin
removed them two days prior as she sat on the recliner in the
small room to the right just inside the door. I directed
attention back to Burg and Troopers, whom were interacting with
him.  I then turned back around towards Jenny, whom was observed
to have bladed her body from me, but still looking at me over her
shoulder suspiciously and noted her to be reaching in the area
between a nightstand and dresser with her hands.  Due to the
belief that weapons were in the house and Jenny Jones furtive
movements, I approached her at that time and detained her in a
set of handcuffs until the scene was secured and Martin Jones
confirmed in a police unit.  When I approached Jenny Jones and
looked between the dresser and nightstand, I observed what was
recognized as the tip of a canvas type gun case, green in color
with a plastic end cap, consistent with cases used by persons to
carry and conceal shotguns and rifles. Also observed in plain
view within the house was American Eagle Handgun ammunition by
Troopers.

| DATE OF INV. | DATE DICTATED | DATE OF TRANSCRIPTION |
|---|---|---|

| SIGNATURE | REVIEWED BY | FILE NAME |
|---|---|---|

This document is the property of the Bucks County Detectives and
is loaned to your agency; it and its contents are not to be
distributed outside your agency.

## BUCKS COUNTY DETECTIVES

99-2018-0219
**FILE NUMBER**

At that point another subject identified as Marie Vitellaro crawled out from behind a curtain/bedding area where the ammo was.  All occupants were directed outside of the camper at that point for safety and to secure such for a search warrant due to the totality of all the circumstances. Troopers, including Rogers remained there and kept anyone from entering the camper. They advised Burg, Vitellaro, and Jenny Jones what was going on. During this time, Jenny Jones said to Trooper Rogers there was no methamphetamine in the camper but there was some marijuana.

Officer Kaminski transported Martin Jones back to Quakertown Police Department where he was lodged for a 2000hr arraignment. Martin Jones did admit to Officer Kaminski that he had a shotgun but said it was at his friends house, but spoke no further of it and stopped speaking with officers.

In the meantime I prepared an application for search warrant for Jones' Jayco camper which was approved by ADA Dave Burdett.

At 2000 hours Jones was arraigned in front of Judge Baronoski and bail set as a cash percentage bail of $75,000 which Martin Jones was unable to post.  I also contacted Lehigh County Probation and advised PO Aaron Lichtfus of Martin Jones' new arrest. They also filed a probation detainer and sent a copy to BCP where Officer Kaminski transported Jones to.

Judge Baranoski subsequently approved issuance of a search warrant for Martin Jones camper.

At 2125 hours Detective Tim Carroll (BCD), Ptlm Ryan Hawke (QPD), arrived out at Jones camper. Trooper Rogers was still there maintaining scene security.  Entry was made to the still unlocked camper and search conducted.

I located where Jenny Jones had been reaching a green /tan canvas shotgun zipper case. The case was hidden behind a dresser with clothing on top of it to conceal it further.   I opened such case and located a Remington Model 1100, 12 gauge shotgun(Serial

| DATE OF INV. | DATE DICTATED | DATE OF TRANSCRIPTION |

| SIGNATURE | REVIEWED BY | FILE NAME |

This document is the property of the Bucks County Detectives and is loaned to your agency; it and its contents are not to be distributed outside your agency.

BUCKS COUNTY DETECTIVES

99-2018-0219
FILE NUMBER

#L848625) with the end of the barrel sawed off. (*I later ran serial number which came back clear NCIC and no ownership*).  The gun appeared to have the bolt area/firing pin removed, consistent with the part found on Martin Jones person at time of arrest. The engraving pattern/design on the bolt was also consistent with the pattern between the bolt and the gun stock.  Also in the same room a spare Remington 12 gauge barrel was located hidden leaning in the corner behind a pile of clothes.  Also within that room in one of the dresser drawers was a brown leather change purse containing a baggie of green vegetable like matter suspected to be marijuana.  Also in camouflage backpack within the room was green 12 gauge shotgun round.

In the kitchen area of the camper, Detective Carroll located a brown wooden type box with drawer and compartment.  Within the box was multiple AR15 type ammo clips, gun cleaning supplies, and gun parts.  Also located with the box was a plastic ammo box containing .45, .40, and .410 caliber ammo.  On top of that box was a box of .40 caliber American Eagle ammunition.

Ptlm Hawke located within the kitchen cabinets a small black zipper up pouch containing a clear plastic baggie with a small amount of a crystal like substance suspected to be methamphetamine.  Hawke also located a blue knife that also appeared to be spring assisted lying on the kitchen floor by the doorway.

All items were collected and logged as evidence and temporarily stored in Quakertown PD evidence (and later transported to Thiokol on April 13).  A copy of the search warrant was left in the kitchen in the camper. A search warrant inventory was later completed and faxed to BCP records for Jones' file. I emailed the search warrant return and inventory to District Ct Quakertown on April 13, 2018.

On April 13, 2018 I spoke to Detective Slattery of BCD and advised of the gun found with a part suspected to be from it

| DATE OF INV. | DATE DICTATED | DATE OF TRANSCRIPTION |
|---|---|---|

| SIGNATURE | REVIEWED BY | FILE NAME |
|---|---|---|

This document is the property of the Bucks County Detectives and is loaned to your agency; it and its contents are not to be distributed outside your agency.

BUCKS COUNTY DETECTIVES

99-2018-0219
**FILE NUMBER**

found on Jones person. Slattery advised he could test fire the gun at a later time if need be for trial.  Note Slattery is a BCD certified range instructor.

On April 16, 2018 I received an email from Detective Brad Jones of Bethlehem PD.  Jones advised that last Thursday or Friday Lower Saucon PD met with Martin Jones boss from an auto body shop in their jurisdiction. The boss had heard about Jones arrest and notified Lower Saucon that a few days before Jones arrest, he had seen Jones place a gun in his toolbox there at the business. Lower Saucon Officer Shelly executed a search warrant on the tool box and located an AR15 assault rifle.  The trigger had been modified to be fully automatic and switch removed. Detective Jones advised he was contacted due to being attached to the FBI Task Force.  Jones was asked about possibly taking the case federal and noted the Bucks County arrest.  He advised he would be speaking with a US Attorney about taking the case.

I contacted DDA Kate Kohler and Deputy Chief Mosiniak about the possibility of taking the case federal which both were in agreement with.  DDA Kohler spoke with District Attorney Weintraub who had no objection to the case possibly going federal.  DDA Kohler requested they possibly take Jenny Jones case with it since they are co-defendants and she had been cooperating.  I advised I would forward the request.

**STATUS:**     PENDING

DATE OF INV.        DATE DICTATED        DATE OF TRANSCRIPTION

SIGNATURE           REVIEWED BY          FILE NAME

This document is the property of the Bucks County Detectives and is loaned to your agency; it and its contents are not to be distributed outside your agency.

BUCKS COUNTY DETECTIVES

**99-2018-0219**
**FILE NUMBER**

**REPORTED BY:**   Det. Joshua C Mallery  4-16-18

DATE OF INV.          DATE DICTATED          DATE OF TRANSCRIPTION

SIGNATURE          REVIEWED BY          FILE NAME

This document is the property of the Bucks County Detectives and
is loaned to your agency; it and its contents are not to be
distributed outside your agency.

defendant Najera, he kept giving me excuses why my phone was not in property room at police station. Defendant Najera stated to plaintiff Jones, he viewed the cell phones content, and needs plaintiff Jones to sign a consent to search, before he will return phone to me. Finally after 2 months of going back an forth about getting my cell phone back he returned only 1 cell phone on 1-10-18, never mentioned the second cell phone. Jenny L. Jones was a witness to plaintiff Jones conversation with defendant Najera, in the police station waiting room. On June 28, 2018, Preliminary Hearing, Before Lisa Garer 281 California RD, Quakertown PA. District court 07-2-05 Transcript by: Buck County Reporters. Defendant Najera got consent after extraction of cell phone, never mentioned second extraction. Second cell phone came about, in a Summary on February 13, 2018 NOTE: "QUOTE"

EXHIBIT B

Note that Upper Saucon Detective Frank Najera has copies of 2 seperate phone extractions from 2 phones Marty Jones had in Lehigh County, Najera believes these phones have the Los Vegos Contac info a long with Bank of America account information on them. Arrangements will be made to pick up copies of such extractions

EXHIBIT B

Defendant Najera and Mallery both reviewed Plaintiff Jones 2 cell phones. Then had plaintiff Jones sign a consent for 1 cellphone 1-10-2018, And not the 2 phone. They reviewed and extracted both phone before consent of the first 1,

Defendant Mallery, on June 28, 2018. Preliminary Hearing, before Lisa Gaier, 281 California RD, Quakertown, PA. District Court 07-2-05 Transcript by: BUCKS COUNTY ROPORTERS, Defendant Mallery STATED: On page 60 (9). I turned back around and thats when <u>Miss Jones is doing the hand motion</u>, but still maintaining trying to watch what I'm doing. Defendant Mallery' Summary report: I turned back around towards Jenny, whom was observed to have bladed her body from me, but still looking at me over her shoulders suspiciously and noted her to be reaching in the area between a nightstand and dresser with her hands. Page 4-7 of Summary: I located where Jenny had been reaching a green and tan canvas Shotgun zipper case. The case was hidden behind a dresser with clothing on top of it to conceal it further.

Bucks COUNTY DETECTIVES: SUmmary- Martin Jones. STATES: On April 11, 2018 officer Mike Kaminski of Upper Southampton and I co-signed a criminal complaint for Martin Jones for his involvement in the 5 ounces of methamphetamine at the September 4, 2017 incident Pages 1-7.

EXIBIT C

EXHIBIT D

All Defendants played a roll, which they wrote out, in a plan: THE BUCKS County Drug STRIKE Force, Ops mission: On 4-11-2018, defendants planned to serve a body warrant on plaintiff Jones, In that defendants, Conspired to violate plaintiffs Fourth Amendment. They openly written it, in there plan of attack.

EXHIBIT A B C D

Jenny L. Jones, stated to Will Weckerly, 801 W. Schwenkmill RD, Apt. 8  Perkasie, PA. 18944 phone 267-318-5075, a mutual friend of Martin Jones and Jenny L. Jones.
Defendent Mallery asked Jenny L. Jones were are the guns? and drugs?
Jenny L. Jones was pointing behind the dresser.
Jenny L. Jones stated to Will Weckerly: That She could not reach back behind the dresser from where she was sitting.
Defendant Mallery told Jenny L. Jones, that he was going to say: She was reaching to cover up sawed off shotgun.
Jenny L. Jones stated Defendants were looking all around in the residents, before they got the Search warrant.

A   E
B   X
C   I
    B
D   I
    T

Jenny L. Jones Stated defendant Mallery lied and fabricated her statements, to say what he wanted them to say.

Jenny L. Jones, did 18 months in state prison and is currently on state parole, for the 5 ounces of methamphetamine.

Jenny L. Jones Stated She is scared of going back to prison.

Jenny L. Jones Stated defendant Mallery told her If She fights her case, she will go to jail for a very long time.

4. The forgoing factaul allegations create a genuine issue of material fact and will, if proved at trial, support judgement in my favor.

(5-20-2020)

Martin W. Jones / NN 4778
SCI-Rockview
PO Box A
Bellefonte, PA. 16823

prejudice.  Jones is **GRANTED** leave to amend his Complaint on or

before **Monday, September 14, 2020.**

b) **DENIED** as to the claim against Marsaglia for the search of Jones's

residence.3

3) Frank Najera's Motion (ECF No. 13) is **DENIED.**4

4) Joshua Mallery's Motion (ECF No. 16) is **DENIED.**5

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.


3       Read liberally, Jones's Complaint alleges that Marsaglia participated in the supposedly unlawful search of his residence. *See* (Compl. ¶¶ 16–20).  Discovery may disprove that assertion, but for now, the Court must assume the truth of Jones's allegations. *See Iqbal*, 556 U.S. at 679.  And as the Court explained earlier, those allegations state a claim for an unlawful search under the Fourth Amendment. *See* (Mem. 10–11).  The Court need not consider at this point whether the defendants are entitled to qualified immunity.  As the defendants recognize, their qualified-immunity argument turns on a finding that the search was part of "a protective sweep." (Mem. Supp. Marsaglia & Kaminsky's Mot. to Dismiss 8, ECF No. 12.)  The four corners of the Complaint—viewed in Jones's favor—offer no basis to conclude that the search in question was in fact a protective sweep. *See Maryland v. Buie*, 494 U.S. 325, 327 (1990).  If after discovery the defendants wish to reassert their qualified-immunity argument, they are free to do so.

4       Jones alleges that Najera participated in the purportedly unlawful searches of his phone and residence. *See* (Compl. ¶¶ 16–20, 26–31).  For the reasons given above, Najera's qualified-immunity argument regarding the search of Jones's home is premature. *See* (Mem. Supp. Najera Mot. to Dismiss 6–7, ECF No. 13-3).  Najera's related argument that Jones consented to the search of his cellphone fails because the Court declines to consider materials outside the Complaint attached by the defendants. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1364 (3d ed.) (Westlaw 2020).

5       Mallery's Motion mirrors Najera's in all relevant respects and is denied for the same reasons.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARTIN W. JONES,

     *Plaintiff,*

   v.

TONY MARSAGLIA, *et al.*,

     *Defendants.*

CIVIL ACTION
NO. 19-04678

### ORDER

**AND NOW**, this 23rd day of June 2020, upon consideration of Martin Jones's

Motion for Appointment of Counsel (ECF Nos. 19 & 20) it is **ORDERED** that the

Motion is **GRANTED**.  The Clerk of Court shall **REFER** this matter to the Prisoner

Civil Rights Panel for the Eastern District of Pennsylvania for possible appointment of

counsel[1] and place this case in **CIVIL SUSPENSE** until **Monday, August 24, 2020**.

If by that date an attorney has not accepted Jones's case, the Clerk of Court shall

**REMOVE** the case from the Prisoner Civil Rights Panel.  The Defendants shall

promptly **PROVIDE** Jones with a copy of this Order.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[1]     Jones should note that he has no legal right to an attorney in this civil action; nor is the
Court appointing an attorney to represent him. Rather, the Court is asking an attorney to review
Jones's case. The attorney may, at her discretion, decide whether to represent Jones in this case.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT of PENNSYLVANIA

PLAINTIFF                          CIVIL ACTION 19-4678
MARTIN W. JONES
        V.                   JURY TRIAL DEMANDED
DEFENDANT'S
TONY MARSAGLIA et al,

       DECLARATION OPPOSITION
DEFENDANTS MOTION FOR SUMMARY
JUDGEMENT

Martin W. Jones states:
1. I am the plaintiff in the above-entitled case. I make this declaration in opposition to defendant's motion for summary judgement on my claims concerning the Fourth Amendment violation against me, by defendants Najera and Mallery.

**A EXHIBIT**
2. Upper Saucon Township Police Department, Lehigh County, on November 7, 2017, Defendant Najera placed plaintiff Jones, under arrest for possession of drug paraphernalia in a traffic stop,

**B EXHIBIT**
3. Defendant Najera confiscated a cell phone from plaintiff Jones, Plaintiff Jones was incarcerated for 2 weeks, On or about November 21, 2017 plaintiff Jones got out of jail, and went to Upper Saucon Township police Department to retrieve his cell phone, from



## BUCKS COUNTY DETECTIVES

99-2018-0219
**FILE NUMBER**

Jones advised that she and Marty had this PO Box for app 8 months prior to her arrest.  Jones advised she had performed the same scenario on at least 6 different occasions. She advised the other occasions were less money and only 2-3 ounces of methamphetamine purchased at a time.  She advised Marty would not accompany her into the bank or post office on any of the occasions.

   *Note that Upper Saucon Detective Frank Najera has copies of 2 separate phone extractions from 2 phones Marty Jones had in Lehigh County.  Najera believes these phones have the Las Vegas contact info along with the Bank of America account information on them. Arrangements will be made to pick up copies of such extractions.*

   Jones did admit she knew Marty was selling the meth, but did not know his customers. She advised he kept that to himself and did not help him distribute it.

   I asked Jones if she ever met his source in Las Vegas. She said that she did not ever meet them.  She said on one occasion Marty and she had been driving to Las Vegas to go meet the source.  She advised Marty had controlled her medication and would not give it to her. She said on the way, she became upset and in the area of Richmond, Virginia, she jumped out of their vehicle. She said she had a nervous breakdown and went to a cashier at a gas station to call an ambulance. An ambulance came and picked her up and transported her to a hospital she believed was called "Reed". She said Marty left her there and continued to Las Vegas. On his way back 7 days later, he came back through and picked her up and took her home.

   Jones also indicated that a female relation of his family had also been a source of methamphetamine from Las Vegas as well but she knew limited details of.

   I advised Jones and her attorney that the case was goingto be investigated further and reviewed with my supervisor and the

| DATE OF INV. | DATE DICTATED | DATE OF TRANSCRIPTION |
| --- | --- | --- |

| SIGNATURE | REVIEWED BY | FILE NAME |
| --- | --- | --- |

This document is the property of the Bucks County Detectives and is loaned to your agency; it and its contents are not to be distributed outside your agency.

B

2 of 4

## BUCKS COUNTY DETECTIVES

**99-2018-0219**
**FILE NUMBER**

not go to the hospital and Marty would not take her. She said app
2 weeks after Marty hit her with the closet rod, she went to Aria
Hospital where she told hospital staff she fell on rocks and hurt
herself. She never reported to the police about Marty actually
hitting her. I asked Jenny if she was scared of Marty to which
she said she was, after initially denying being scared at the
beginning of our interview. Jenny advised that (and I had
confirmed on prior occasion) that Marty had assaulted her in
Lehigh County in Upper Saucon in the late summer. Marty had been
arrested and incarcerated briefly in Lehigh County for such.
She also advised in March 2017 Marty broke her cell phone because
he thought she was talking to other men. She said she did not
get a new cell phone until only two weeks ago. Marty had not
allowed her to have one.


I asked Jenny where the methamphetamine came from in the
vehicle when she was arrested in Upper Southampton.  She went on
to provide the following in answers to my questions;

Jones advised that app 3 days prior to the arrest, Marty
drovew her to the Bank of America in Feasterville on Street Road.
There, Marty gave Jenny $2500 and wrote down an account number on
a piece of paper on a bank slip. Jenny had to take the money in
and deposit it into the specified account for it to be wired to
Marty's meth source in Las Vegas.  Jones knew the money to be for
5 ½ ounces of methamphetamine Marty was purchasing.  Jones then
said the day of the traffic stop and arrest she believe to be a
Saturday, Marty drove her to the Feasterville Post Office where
they both shared jointly PO Box 404 under names Martin Jones and
Jenny Jones.  There, Marty had her go in and pick up a package
from their PO Box at app 1130 hours. Jones described it as being
in a regular Post Office cardboard type mail envelope addressed
to her. She brought it back out to Marty, whom took it home and
would open it. Jones said there were individual baggies of
methamphetamine. She said they were regular sandwich baggies
knotted at the top and inside one yellow envelope.


| DATE OF INV. | DATE DICTATED | DATE OF TRANSCRIPTION |
|---|---|---|
| | | |

| SIGNATURE | REVIEWED BY | FILE NAME |
|---|---|---|
| | | |

This document is the property of the Bucks County Detectives and
is loaned to your agency; it and its contents are not to be
distributed outside your agency.



BUCKS COUNTY DETECTIVES

<u>99-2018-0219</u>
**FILE NUMBER**

# <u>SUMMARY</u>

On February 13, 2018 I had opportunity to sit down and interview Jenny Jones in the Bucks County District Attorney's Office. Also present was Nick Williamson from the Public Defender's Office.  Williamson was standing in for Jones original public defender, Ken Hohne.

Jones was advised in her attorney's presence that it was in her best interest to tell the truth about her knowledge of the incident and the source of the methamphetamine found in the vehicle she was in at time of arrest in Upper Southampton Township.

Jones initially was not forthcoming and spoke with Williamson privately prior to her speaking with me when providing the truth.

Jones advised she had met Marty Jones in January of 2017 in Allentown. Jones said she had been abused by her ex-boyfriend in Allentown and left their house with no money or personal items. She had been at a 7-11 and saw Marty Jones sitting in a truck there and came up to him and asked him for $1.  Marty proceeded to ask her if she needed a place to say, etc. He proceeded to have her get in his truck and drove her to a Kmart and bought her a wardrobe of clothing and then took her to her house right afterwards. Marty allowed Jenny to stay there at his house at 353 Philmont Ave in Feasterville.

Once staying at the house there, Marty admitted to Jones that he was a drug dealer and told her she would become one too. Jones initially said she wanted no part to do with dealing drugs. She said in late January 2017 or February 2017, Marty wanted her to go with to pick up money owed to him for drug sales.  She said he became irate with her and they began arguing. Jones said Marty pulled out a closet hanging rod and began chasing her through the house. She said he got her backed into a corner and hit her with the rod in the arm, breaking such.  Jones said initially she did

| DATE OF INV. | DATE DICTATED | DATE OF TRANSCRIPTION |
|---|---|---|

| SIGNATURE | REVIEWED BY | FILE NAME |
|---|---|---|

This document is the property of the Bucks County Detectives and is loaned to your agency; it and its contents are not to be distributed outside your agency.

Martin W Jones / NN-4778
SCI-Camp Hill
Po Box 200
CampHill, PA.
17001

CLERK OF COURTS
U.S. District Court
601 Market St.
Room 2609
Philadelphia, PA.
19106-1797