**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARTIN W. JONES, | ) | Civil Action No. 19-CV-4678 |
| | ) | |
| Plaintiff | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| TONY MARSAGLIA, MICHAEL | ) | |
| KAMINSKI, FRANK NAJERO and | ) | |
| JOSHUA MALLERY, | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FRANK NAJERA'S MOTION FOR SUMMARY JUDGMENT

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action by filing a Complaint in this Court on October 7, 2019. (Docket Document 3).  The Court performed a review of the pro se Plaintiff's Complaint pursuant to 28 U.S.C.§ 1915(e)(2)(B)(ii), dismissed the Complaint, but granted Plaintiff leave to amend. (Docket Document 5)  Plaintiff did not proceed to file any amended complaint at that time.

Defendant was subsequently served by the United States Marshalls Service.   Plaintiff's Complaint named moving defendant, Frank Najera (incorrectly spelled and identified in the complaint as Frank Najero) along with a number of other police officers.   Plaintiff alleged violation of his civil rights pursuant to 42 U.S.C. § 1983.  This honorable court, in its order and opinion reviewing plaintiff's initial complaint (Docket Document 5) determined that plaintiff

could proceed forward with  his complaint on two limited claims:  Two Fourth Amendment claims regarding alleged searches of his home on April 11, 2018 and a his cell phone on January 2, 2018.

Defendant filed a timely motion for dismissal of the plaintiff's complaint (Docket Document 13).  That motion asserted, in part, that even though Plaintiff's complaint incorrectly asserted that moving defendant participated in his arrest and a search of his home on April 11, 2018, moving defendant should be entitled to qualified immunity.  In addition, defendant moved for dismissal of plaintiff's claim regarding his cell phone as he executed a written consent to the search.  By Order dated June 25, 2020 this honorable denied defendant's motion on the basis of qualified immunity as premature and further declined to consider any evidence outside of plaintiff's complaint as it related to the cellphone search.  (Docket Document 30).  Plaintiff was granted leave to file an Amended Complaint as to claims asserted against Codefendant Marsaglia and Kaminsky.

Plaintiff thereafter filed an Amended Complaint on September 14, 2020 (Docket Document 36)  Plaintiff's amended complaint asserted, for the first time, that Defendants engaged in a civil conspiracy to violate his constitutional rights.  (Amended Complaint, ¶ 13 – 15).  In addition, plaintiff attached exhibits to his Amended Complaint and which confirm that Defendant Najera was not present at the plaintiff's arrest and the subsequent search of his home in Bucks County.  (Amended Complaint, pages 26-27).

Motions to dismiss the claims asserted in the amended complaint were subsequently filed by all defendants.  On November 12, 2020 this honorable ruled on the pending motions to dismiss  and entered a Memorandum Opinion and Order granting the motions and dismissing all claims against the defendants with the exception of Plaintiff's Fourth Amendment claim asserted

against Defendants Najera and Mallery based on an alleged search of his cellphone.  (Docket Documents 41 and 42)

Defendant Najera filed an Answer to the remaining aspects of Plaintiff's Amended Complaint and which denied its material allegations. (Docket Document 45)   Following the closing of the pleadings plaintiff filed an appeal with the Third Circuit and which was ultimately dismissed by Order dated June 24, 2021.  (Docket Document 55)

Defendant thereafter served Requests for Admission upon the plaintiff related to his Fourth Amendment claim regarding the alleged search of his cellphone.  (A true and correct copy of Defendant's Consolidated set of Requests for Admission, Interrogatories and Request for Production of Documents is attached to defendant's motion as Exhibit A)  Plaintiff supplied a response to moving defendant's discovery requests with either incomplete responses or the statement "I want to talk to the Judge or a Lawyer."  A copy of plaintiff's responses to moving defendant's requests were subsequently filed by Plaintiff.  (Docket Document 70, pp.  13 – 19)

Defendant's admissions were simple and concise and dealt with the issue of plaintiff's cellphone and his written consent provided to Defendant Najera to have the cellphone searched. Plaintiff's non-responses to most of the requested admissions should result in the requests being deemed admitted.

Defendant incorporates herein by reference his Statement of Undisputed Facts in Support Summary Judgment.   Plaintiff provided voluntary and valid consent to defendant to have his cellphone searched and the data extracted.  While Plaintiff claims in his amended complaint that a second cell phone was taken, and an extraction performed that is incorrect.  Moreover plaintiff has provided no evidence that any such cellphone existed or that it was searched and an extraction took place.

Plaintiff has failed to state a claim for violation of his Fourth Amendment rights regarding the search of his cellphone as plaintiff consented to the search and defendant Najera is entitled to judgment in his favor as a matter of law.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." Kaucher v. Cty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Anderson, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in his favor." Monione v. City of Jersey City, 709 F.3d 181, 191 (3d Cir. 2013) (quoting Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) ); Anderson, 477 U.S. at 255; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002).

The burden of establishing that no "genuine dispute" exists is on the party moving for summary judgment. Celotex, 477 U.S. at 330. "A nonmoving party has created a genuine [dispute] of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001). The non-moving

party must present "more than a scintilla of evidence showing that there is a genuine [dispute] for trial." Woloszyn v. Cty. of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005). To do so, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine [dispute] for trial." Celotex, 477 U.S. at 324 (quotations omitted); see also Matsushita, 475 U.S. at 586; Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 773 (3d Cir. 2013). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine dispute for trial. Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder. Vento v. Dir. of V.I. Bureau of Internal Revenue, 715 F.3d 455, 477 (3d Cir. 2013).

While courts hold pro se pleadings to "less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007), at summary judgment, a pro se plaintiff is not exempt from his burden of providing some affirmative evidence, i.e. not just mere allegations, to establish a prima facie case, and to show that there is a genuine dispute for trial. See Barnett v. N.J. Transit Corp., 573 Fed. Appx. 239, 243 (3d Cir. 2014) (holding that the pro se plaintiff was still "required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories ... sufficient to convince a reasonable fact finder to find all the elements of her prima facie case") (citation and quotation omitted); Mitchell v. Gershen, 466 Fed. Appx. 84, 87 (3d Cir. 2011) (upholding a district court's grant of summary judgment against a pro se plaintiff for his failure to submit expert testimony in a denial of medical services suit); Siluk v. Beard, 395 Fed. Appx 817, 820 (3d Cir. 2010) ("[T]he right of self-representation

does not exempt a party from compliance with relevant rules of procedural law."). Accord, Angle v. Carter, 2019 WL 981914 (WDPa 2019)

### III.   <u>LEGAL ARGUMENT</u>

It is well settled that the Fourth Amendment protects suspects from unreasonable searches. "[A] search conducted without a warrant issued upon probable cause is [presumptively] unreasonable ... subject only to a few specifically established and well-delineated exceptions." United States v. Williams, 898 F.3d 323 (3D Cir 2018).  A search conducted with consent is one such "established exception."  Id.

The Supreme Court has instructed that the standard for measuring the limitations placed on a consensual search "is that of objective reasonableness."  Thus, in determining the legal bounds of a consensual search, we must determine "what would the typical reasonable person have understood by the exchange between the officer and the suspect."  The Supreme Court has acknowledged that consensual searches are important because they promote the effective enforcement of criminal laws.  Schneckloth, 412 U.S. at 228, 93 S.Ct. 2041 ("[A] search pursuant to consent may result in considerably less inconvenience for the subject of the search, and, properly conducted, is a constitutionally permissible and wholly legitimate aspect of effective police activity."). This is particularly true where there is lack of probable cause to arrest or search because, in such situations, "a search authorized by a valid consent may be the only means of obtaining important and reliable evidence."  Id.  Accord, Williams.

In the case at bar plaintiff provided voluntary consent to have his cellphone searched. The consent was not coerced and plaintiff does not appear to dispute its validity.  Instead, plaintiff is seizing upon an error in codefendant Mallery's report where he references two cell

phone extractions.  (Docket Document 70, p. 39)  There was never a second cell phone or cell phone extraction – it was the extraction of (1) plaintiff's cellphone and (2) plaintiff's cellphone SD card as documented by the extraction report.  Elsewhere within Mallory's report and moving defendant's report it is clear that there is a single cellphone which was in the possession of the Lehigh County Drug Task Force and which is the phone which plaintiff provided consent to search and which was the subject of the extraction report later supplied to Mallery.  See, Docket Document 70, p. 35, 41.

It is also respectfully submitted that plaintiff's non-responsive answers to moving defendant's requests for admission should be deemed admitted.  A party may serve requests for admission upon an opposing party relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a); Caruso v Coleman Co., No. 93-6733, 1995 WL 347003, at *6 (E.D. Pa. Jun. 7, 1995) (purpose of requests for admissions is "for the parties to determine if they agree on particular facts, consequently narrowing or eliminating issues"). A request for admission "should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." United Coal Companies v. Powell Const. Co., 839 F.2d 958, 967-68 (3d Cir. 1988) (quoting Havenfield Corp. v. H & R Block, Inc., 67 F.R.D. 93, 96 (W.D. Mo. 1973)). If the answering party does not admit the request for admission, its answer "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Id.  20.   Defendant's admissions were simple and concise and dealt with the issue of plaintiff's cellphone and his written consent provided to Defendant Najera to have the cellphone searched and his failure to respond to those admissions related to the authenticity, effect and timing of his consent should result in them being deemed admitted.

Moving defendant cannot prove a negative fact (that a second phone didn't exist and wasn't the subject of a search) but as plaintiff has not come forward with any evidence establishing the existence of a second cellphone search and extraction, his claim of an alleged Fourth Amendment violation should be dismissed with prejudice.

**IV.    <u>CONCLUSION</u>**

For all of the foregoing reasons, Moving Defendant Frank Najera respectfully requests that this Honorable Court grant his Motion for Summary Judgment, and enter the Order dismissing the plaintiff's sole remaining claim regarding the cellphone search.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

Date:  December 6, 2021          By:   /s/ Paul G. Lees_____
                                          Paul G. Lees, Esquire
                                          Identification No. 68886
                                          *Attorneys for Defendant*
                                          Frank Najera

8

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within Memorandum of Law in Support of Defendant's Motion for Summary Judgment was electronically filed with the Court on September 29, 2020 and is available for viewing and downloading from the ECF System. The following counsel of record were served via electronic notification:


Keith J. Bidlingmaier, Esquire
County of Bucks Asst. Solicitor
55 E. Court Street
Doylestown, PA 18901
Attorney for Defendant Joshua Mallery


I hereby certify that a true and correct copy of the foregoing Brief in Support of Motion for Summary Judgment was served upon the following persons via first class mail, postage prepaid, addressed as follows:

Martin W. Jones
NN-4778
SCI-Camp Hill
PO Box 8837
2500 Lisburn Rd
Camp Hill, PA 17001


MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN


By:   _____/s/ Paul G. Lees_____
Paul G. Lees, Esquire
ID No. PA 68886
4905 W. Tilghman Street, Suite 300
Allentown, PA  18104


Dated:  December 6, 2021