IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN W. JONES,** | : | Civil Action No. 19-CV-4678 |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| **TONY MARSAGLIA, MICHAEL** | : | |
| **KAMINSKI, FRANK NAJERO and** | : | |
| **JOSHUA MALLERY,** | : | |
| | : | |
| Defendants | : | |

**DEFENDANT, JOSHUA MALLERY'S MOTION FOR SUMMARY JUDGMENT**

AND NOW, come Defendant, Joshua Mallery, by and through his undersigned counsel, and moves this Honorable Court for the entry of summary judgment in Defendant's favor and dismissal of Plaintiff's claims against Defendant pursuant to Federal Rule of Civil Procedure 56 and, in support thereof, respectfully avers as follows:

1. Plaintiff initiated this action by filing a Complaint in this Court on October 7, 2019. (Docket Document 3).

2. The Court performed a review of the pro se Plaintiff's Complaint pursuant to 28 U.S.C.§ 1915(e)(2)(B)(ii), dismissed the Complaint, but granted Plaintiff leave to amend. (Docket Document 5).

3. Plaintiff did not proceed to file an Amended Complaint at that time.

4. Defendant was subsequently served by the United States Marshalls Service.

1

5. Plaintiff's Complaint named Moving Defendant, Joshua Mallery along with other police officers.

6. Plaintiff alleges violation of his civil rights pursuant to 42 U.S.C. § 1983.

7. This Honorable Court, in its Order and opinion reviewing Plaintiff's initial Complaint (Docket Document 5) determined that Plaintiff could proceed forward with his Complaint on two limited claims: Two Fourth Amendment claims regarding alleged searches of his home on April 11, 2018 and his cell phone on January 2, 2018.

8. Defendant filed a timely motion for dismissal of the Plaintiff's Complaint (Docket Document 16). That motion asserted, in part, that Moving Defendant should be entitled to qualified immunity. In addition, Defendant moved for dismissal of Plaintiff's claim regarding his cell phone as he executed a written consent to the search.

9. By Order dated June 25, 2020 this Honorable Court denied Defendant's motion on the basis of qualified immunity as premature and further declined to consider any evidence outside of Plaintiff's Complaint as it related to the cellphone search. (Docket Document 30). Plaintiff was granted leave to file an Amended Complaint as to claims asserted against Codefendant Marsaglia and Kaminsky.

10. Plaintiff thereafter filed an Amended Complaint on September 14, 2020 (Docket Document 36).

11. Plaintiff's Amended Complaint asserted, for the first time, that Defendants engaged in a civil conspiracy to violate his constitutional rights. (Amended Complaint, pp. 13 – 15).

12. In addition, Plaintiff attached exhibits to his Amended Complaint.

13. Motions to dismiss the claims asserted in the Amended Complaint were

subsequently filed by all Defendants.

15. On November 12, 2020 this Honorable Court ruled on the pending motions to dismiss and entered a Memorandum Opinion and Order granting the motions and dismissing all claims against the Defendants with the exception of Plaintiff's Fourth Amendment claim asserted against Defendants Mallery and Najera based on an alleged search of his cellphone. (Docket Documents 41 and 42).

16. Defendant Mallery filed an Answer to the remaining aspects of Plaintiff's Amended Complaint, and which denied its material allegations. (Docket Document 44)

17. Following the closing of the pleadings Plaintiff filed an appeal with the Third Circuit and which was ultimately dismissed by Order dated June 24, 2021. (Docket Document 55)

18. Defendant thereafter served Requests for Admission upon the Plaintiff related to his Fourth Amendment claim regarding the alleged search of his cellphone. (A true and correct copy of Defendant's Requests for Admission is attached hereto as Exhibit A)

19. Plaintiff supplied a response to moving Defendant's discovery requests with either incomplete responses or the statement "I want to talk to the Judge or a Lawyer." A copy of Plaintiff's responses to moving Defendant's requests were subsequently filed by Plaintiff. (Docket Document 70, pp. 13 – 19).

20. A party may serve requests for admission upon an opposing party relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a); Caruso v Coleman Co., No. 93-6733, 1995 WL 347003, at *6 (E.D. Pa. Jun. 7, 1995) (purpose of requests for admissions is "for the parties to determine if they agree on particular facts, consequently narrowing or eliminating issues"). A request for admission "should be in simple and concise terms in order

that it can be denied or admitted with an absolute minimum of explanation or qualification." United Coal Companies v. Powell Const. Co., 839 F.2d 958, 967-68 (3d Cir. 1988) (quoting Havenfield Corp. v. H & R Block, Inc., 67 F.R.D. 93, 96 (W.D. Mo. 1973)). If the answering party does not admit the request for admission, its answer "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Id.

21. Defendant's admissions were simple and concise and dealt with the issue of Plaintiff's cellphone and his written consent provided to Defendant Najera to have the cellphone searched.

22. Plaintiff's non-responses to most of the requested admissions should result in the requests being deemed admitted.

23. On January 10, 2018 Plaintiff executed a written consent form authorizing the search of his cellphone. (A true and correct copy of plaintiff's signed consent form was attached to the requests for admissions (Exhibit A) and is also included in Plaintiff's responses (Docket Document 70, p. 21)

24. Following receipt of Plaintiff's consent, Defendant Najera delivered Plaintiff's cellphone to the David M. Petzold Digital Forensics Laboratory on January 10, 2018 where an extraction of the data on the cellphone and the cellphone's SD Card were performed. (See, Docket Document 70, pp. 22 – 33, 58-59).

25. The report of the extraction performed on Plaintiff's cellphone and cellphone SD Card was subsequently provided to Moving Defendant. (See Docket Document 70, p 69).

26. Plaintiff claims in his Amended Complaint that a second cellphone was taken, and an extraction performed but has provided no evidence that any such cellphone existed or that any such search and extraction took place.

27. Plaintiff has not disputed the consent to search form and signature.

28. Instead, Plaintiff is attempting to seize upon an error in Moving Defendant's report where he references two cell phone extractions. (Docket Document 70, p. 39) .

29. There was never a second cellphone or cellphone extraction – it was the extraction of (1) Plaintiff's cellphone and (2) Plaintiff's cellphone SD card as documented by the extraction report.

30. Elsewhere within Moving Defendant's reports and in Defendant Najera's reports it is clear that there is a single cellphone which was in the possession of the Lehigh County Drug Task Force, and which is the phone which Plaintiff provided consent to search, and which was the subject of the extraction report later supplied to Moving Defendant. ( Docket Document 70, p. 35, 41).

31. Further, attached to this Motion for Summary Judgment is an affidavit by Moving Defendant correcting and clarifying his report and confirming the search, after consent, of one cell phone.

32. Moving Defendant by way of his attached Affidavit (Attached hereto as Exhibit "B" and made part hereof) swears, under oath that:

    a. On or about February 20, 2018 he received a cellphone extraction from Defendant Najera from one cellphone, belonging to Plaintiff.

      b. This extraction was performed after Detective Najera received consent to search, as evidenced by Plaintiff's signature on the consent form.

      c. The signed consent form lists **one** phone: ZTE Model Z717VL, S/N: 329F66835073.

      d. However, Moving Defendant's report, dated February 18, 2018, erroneously stated that Codefendant Najera had copies of two (2) phone extractions from two (2) phones from Plaintiff.

      e. Between the January 10, 2018 signed consent and his report dated February 18, 2018 Moving Defendant was advised by Defendant Najera of cell phone "extractions."

      f. Since Najera used the word extractions (plural), Moving Defendant incorrectly assumed there were two (2) cellphones.

      g. It was not until Moving Defendant received the actual extraction on February 20, 2018 that he became aware that one cellphone was searched but with two types of extractions: a physical extraction and a SIM card extraction.

33.    Moving Defendant simply did not amend his February 18, 2018 report to reflect one (1) cellphone.

34.    His March 12, 2018 report clearly and unambiguously states "(O)n February 20, 2018 I received a copy of **a** phone extraction from Upper Saucon Detective, Frank Najera **a** cell phone belonging to Martin Jones. I copied the extraction and placed it on file with this case file." (emphasis added).

35. Moving Defendant never "searched" Plaintiff's phone. He clearly received the extractions from Defendant Najera.

36. Plaintiff has failed to state a claim for violation of his Fourth Amendment rights regarding the search of his cellphone as Plaintiff consented to the search and Defendant Najera is entitled to judgment in his favor as a matter of law.

WHEREFORE, Defendant Joshua Mallery, respectfully requests that this Honorable Court grant his Motion for Summary Judgment, and enter the Order attached hereto.

Respectfully submitted,

**BUCKS COUNTY LAW DEPARTMENT**

Date: December 13, 2021          By: ___/s/ Keith J. Bidlingmaier_____
                                 Keith J. Bidlingmaier, Esquire
                                 PA Identification No. 87776
                                 55 E. Court Street
                                 5th Floor
                                 Doylestown, PA 18901
                                 *Attorneys for Defendant,* Joshua Mallery

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the within Motion for Summary Judgment was electronically filed with the Court on December 13, 2021 and is available for viewing and downloading from the ECF System.  The following counsel of record were served via electronic notification:

Paul G. Lees, Esquire
4905 W. Tilghman Street, Suite 300
Allentown, PA  18104
Attorney for Defendant Najera

      I hereby certify that a true and correct copy of the foregoing Brief in Support of Motion for Summary Judgment was served upon the following persons via first class mail, postage prepaid, addressed as follows:

Martin W. Jones
NN-4778
SCI-Camp Hill
PO Box 8837
2500 Lisburn Rd
Camp Hill, PA 17001

                                          **BUCKS COUNTY LAW DEPARTMENT**

                                          */s/ Keith J. Bidlingmaier*
                                          Keith J. Bidlingmaier, Esquire
                                          Asst. County Solicitor
                                          County of Bucks
                                          55 E. Court Street
                                          Doylestown, PA 18901

Dated:  December 13, 2021

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MARTIN W. JONES | : 19-cv-4678 |
| --- | --- |
| | : |
| | : Civil Action |
| v. | : |
| | : |
| TONY MARSAGLIA, ET AL | : **PLAINTIFF'S FIRST REQUEST** |
| | : **FOR ADMISSIONS** |

## INSTRUCTIONS

1.      If Plaintiff Martin W. Jones fails to respond or object to any request within 30 days of the service of the Requests, the matter shall be deemed admitted under Fed.R.Civ.P. 36.

2.      As is more fully set out in Fed.R.Civ.P. 36(a), the Plaintiff Martin W. Jones must admit or deny each request, and, where necessary, specify the parts of each request to which he objects or cannot in good faith admit or deny.

3.      If the Plaintiff Martin W. Jones objects to only part of a Request, he must admit or deny the remainder of the Request.

4.      In the event that the Plaintiff Martin W. Jones objects to or denies any Request or portion of a Request, the Plaintiff xxx must state the reasons for its objection or denial.

5.      These Requests shall be deemed continuing and supplemental answers shall be required if you directly or indirectly obtain further information after your initial response as provided by F.R.Civ.P. Rule 26(e).

6.      Each Request solicits all information obtainable by Plaintiff Martin W. Jones and from his investigators, agents, employees and representatives. If Plaintiff Martin W. Jones answer a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

## DEFINITIONS

1.      The word "or" is used herein in its inclusive sense unless the context clearly requires otherwise.

2.      The term "document" means and includes without limitation all correspondence, memoranda, certificates, notes, books, manuals, pamphlets, brochures, advertisements, books of account, balance sheets, financial statements, profit and loss statements, working papers,

schedules, diaries, calendars, logs, time records, equipment records, microfilms, transcripts, recordings, tapes, telexes, telegrams, files, proposals, bids, offers, contracts, agreements, change orders, worksheets, drawings, blue prints, designs, specifications, time cards, compilations, graphs, charts, bills, statements, invoices, receipts, bills of lading, shipping records, confirmations, applications, purchase orders, checks, checkbooks and other checking records, photographs, formulae, prescriptions, studies, projections, reports, computer programs, information contained in computer banks, tapes, cards, printouts and drafts to the extent they differ from the originals, and all other records and papers of any nature whatsoever.

3.     Any reference to a specifically named person, corporation or other entity and any reference generally to "person" shall include the employees, agents, representatives and other persons acting on behalf thereof or through whom the referenced person acts. The term "person" means and includes natural persons, corporations, partnerships, joint ventures, sole proprietorships, associations, trusts, estates, firms and any other entity.

4.     As used herein, "Defendant" means, unless otherwise indicated, Joshua Mallery.

5.     As used herein, "Plaintiff", shall be deemed to include Martin Jones.

## REQUESTS FOR ADMISSION

1. Please admit, based upon the report set forth in document bates stamped Mallery 000210, and attached as Exhibit "A" that Joshua Mallery, on February 20, 2018, received a cell phone extraction from Defendant Najera.

_____Admit                                         _____Deny

2. Please admit that, upon reading the report located at document bates stamped Mallery 000210, and attached as Exhibit "A," Defendant Mallery did not search or extract the contents of your cell phone.

_____Admit                                         _____Deny

3. Admit that **one** phone belonging to you, Martin Jones, was seized by Upper Saucon

Detective Najera (and Lehigh Drug Task Force member at the time).

\_\_\_\_\_Admit                                             \_\_\_\_\_ Deny

4. Please admit that a second phone, belonging to Amanda Greiser, who was also arrested with you on November 7, 2017, was seized by the same Detective.

\_\_\_\_\_Admit                                             \_\_\_\_\_ Deny

5. Please admit that Detective Najera held both phones as evidence after your arrest.

\_\_\_\_\_Admit                                             \_\_\_\_\_ Deny

6. Please admit that on January 10, 2018, after you were released from jail, you went to the Upper Saucon Police Department.

\_\_\_\_\_Admit                                             \_\_\_\_\_ Deny

7. Please admit that on January 10, 2018 you gave written consent to search your cell phone, identified as ZTE Model Z717VL, as evidence by the document set provided to you at document bates stamped Mallery 000003 and also attached hereto as Exhibit "B".

\_\_\_\_\_Admit                                             \_\_\_\_\_ Deny

8. Please admit that Detective Najera conducted the extraction of your phone.

\_\_\_\_\_Admit                                             \_\_\_\_\_ Deny

9. Please admit that the second phone was never extracted after it was determined that it

belonged to Amanda Greiser.

_____ Admit                                              _____ Deny


10. Admit that the document found at document bates stamped Mallery 000003 contains your signature. (consent form attached hereto as Exhibit "B").

_____ Admit                                              _____ Deny




                                                BUCKS COUNTY LAW DEPARTMENT


                                                BY: /s/ Keith J. Bidlingmaier, Esquire
                                                KEITH J. BIDLINGMAIER, ESQUIRE
                                                COUNTY OF BUCKS ASST. SOLICITOR
                                                Attorney I.D. No. 87776
                                                55 East Court Street
                                                Doylestown, PA  18901
                                                215-348-6464
                                                kjbidlingmaier@buckscounty.org
                                                *Attorney for Joshua Mallery*

11/5/21

## CERTIFICATE OF SERVICE

I, Keith J. Bidlingmaier, Esquire, Assistant Solicitor, certify that on the 5th day of November, 2021, I served a true and correct copy of the above-captioned Defendant Joseph Mallery's Request for Admissions upon the following persons and in the following manners:

U.S. first class mail, postage prepaid

Martin W. Jones
NN-4778
SCI Camp Hill
P.O. Box 200
Camp Hill, PA  17001

Smart Communications/PA DOC
Martin W. Jones
NN-4778
SCI Camp Hill
P.O. Box 33028
St. Petersburg, FL  33733

Martin W. Jones
MN-4778
SCI Camp Hill
P.O. Box 8837
2500 Lisburn Road
Camp Hill,PA  17001

email

Paul G. Lees, Esquire
Marshall Dennehey Warner Coleman & Goggin
4905 W. Tilghman
Allentown, PA  18104

BUCKS COUNTY LAW DEPARTMENT

BY: /s/ Keith J. Bidlingmaier, Esquire
KEITH J. BIDLINGMAIER, ESQUIRE
COUNTY OF BUCKS ASST. SOLICITOR
Attorney I.D. No.  87776
55 East Court Street
Doylestown, PA  18901
215-348-6464
kjbidlingmaier@buckscounty.org
*Attorney for Joshua Mallery*

# EXHIBIT B

## AFFIDAVIT OF JOSHUA MALLERY, SERGEANT, QUAKERTOWN POLICE DEPARTMENT

**Re: Martin Jones vs. Najera, Mallery**

1. I am currently employed by the Quakertown Police Department and have so been employed there from June 2001 through July 2017 and December 2018 through the present.

2. I have 20 years of law enforcement experience.

3. In or around July 2017 through November 2018 I was employed by the Bucks County District Attorney's Office assigned as a Detective in the Drug Strike Force. I worked in this capacity until December 2018 when I returned to my full-time duties at the Quakertown Police Department as a narcotics investigator.

4. On or about February 20, 2018 I received a cell phone extraction from Detective Frank Najera from one cellphone, belonging to Martin Jones. (See, Mallery 179 attached).

5. This extraction was performed after Detective Najera received consent to search, as evidenced by Plaintiff's signature on the consent form. Proof of consent is attached hereto as Exhibit "B" and which was produced via Initial Disclosures, (See, Mallery 174 attached).

6. The signed consent form lists **one** phone: ZTE Model Z717VL, S/N: 329F66835073.

7. However, my report dated February 18, 2018 erroneously states that Upper Saucon Detective Najera had copies of two (2) separate phone extractions from two (2) phones from Martin Jones.

8. Between the January 10, 2018 consent and my report dated February 18, 2018 I was advised by Defendant Najera of cell phone "extractions." Since he used the word extractions (plural) I incorrectly assumed there were two (2) cell phones.

9. It was not until I received the actual extraction on February 20, 2018 that I became aware that one cell phone was searched.

10. In reviewing the reports, I have discovered that I never amended my February 18, 2018 report to reflect one (1) cell phone.

11. My March 12, 2018 (Mallery 179) report clearly and unambiguously states "On February 20, 2018 I received a copy of **a** phone extraction from Upper Saucon Detective, Frank Najera **a** cell phone belonging to Martin Jones. I copied the extraction and placed it on file with this case file."

12. To clarify, I mistakenly assumed there were two phones when Detective Najera mentioned extractions. However, once I received the paperwork from Detective Najera I realized it was two types of extractions from one phone: a physical extraction and a SIM card extraction.

JOSHUA MALLERY

## VERIFICATION

I verify that the statements made in this Affidavit are true and correct to the best of my knowledge, information and belief and understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Date: 12-10-21

Joshua Mallery