IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTIN W. JONES,** | **:** | **Civil Action No. 19-CV-4678** |
| | **:** | |
| **Plaintiff** | **:** | **JURY TRIAL DEMANDED** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **TONY MARSAGLIA, MICHAEL** | **:** | |
| **KAMINSKI, FRANK NAJERO and** | **:** | |
| **JOSHUA MALLERY,** | **:** | |
| | **:** | |
| **Defendants** | **:** | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FRANK NAJERA'S
MOTION FOR SUMMARY JUDGMENT**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initiated this action by filing a Complaint in this Court on October 7, 2019.

(Docket Document 3).  The Court performed a review of the *pro se* Plaintiff's Complaint pursuant

to 28 U.S.C.§ 1915(e)(2)(B)(ii), dismissed the Complaint, but granted Plaintiff leave to amend.

(Docket Document 5)  Plaintiff did not proceed to file any Amended Complaint at that time.

Defendant was subsequently served by the United States Marshalls Service.   Plaintiff's

Complaint named moving Defendant, Joshua Mallery along with a number of other police officers.

Plaintiff alleged violation of his civil rights pursuant to 42 U.S.C. § 1983.  This Honorable Court,

in its order and opinion reviewing Plaintiff's initial Complaint (Docket Document 5) determined

that Plaintiff could proceed forward with  his complaint on two limited claims:  Two Fourth

1

Amendment claims regarding alleged searches of his home on April 11, 2018 and his cell phone on January 2, 2018.

Defendant filed a timely Motion for Dismissal of the Plaintiff's Complaint (Docket Document 16).  That motion asserted, in part, that even though Plaintiff's complaint incorrectly asserted that Moving Defendant participated in his arrest and a search of his home on April 11, 2018, Moving Defendant should be entitled to qualified immunity.  In addition, Defendant moved for dismissal of Plaintiff's claim regarding his cell phone as he executed a written consent to the search.  By Order dated June 25, 2020 this Honorable Court denied Defendant's motion on the basis of qualified immunity as premature and further declined to consider any evidence outside of plaintiff's complaint as it related to the cellphone search.  (Docket Document 30).  Plaintiff was granted leave to file an Amended Complaint as to claims asserted against Codefendant Marsaglia and Kaminsky.

Plaintiff thereafter filed an Amended Complaint on September 14, 2020 (Docket Document 36).  Plaintiff's amended complaint asserted, for the first time, that Defendants engaged in a civil conspiracy to violate his constitutional rights.  (Amended Complaint, pp. 13 –15).

Motions to dismiss the claims asserted in the Amended Complaint were subsequently filed by all Defendants.  On November 12, 2020 this Honorable Court ruled on the pending motions to dismiss  and entered a Memorandum Opinion and Order granting the motions and dismissing all claims against the Defendants with the exception of Plaintiff's Fourth Amendment claim asserted against Defendants Mallery and Najera based on an alleged search of his cellphone.  (Docket Documents 41 and 42).

Defendant Mallery filed an Answer and Affirmative Defenses to the remaining aspects of Plaintiff's Amended Complaint, and which denied its material allegations. (Docket Document 44)

Following the closing of the pleadings plaintiff filed an appeal with the Third Circuit, and which was ultimately dismissed by Order dated June 24, 2021.  (Docket Document 55)

Defendant thereafter served Requests for Admissions upon the Plaintiff related to his Fourth Amendment claim regarding the alleged search of his cellphone.  (A true and correct copy of Defendant's Requests for Admissions is attached to Defendant's Motion for Summary Judgment as Exhibit "A").  Plaintiff supplied a response to moving Defendant's Request for Admissions with either incomplete responses or the statement "I want to talk to the Judge or a Lawyer."  A copy of Plaintiff's responses to Moving Defendant's requests were subsequently filed by Plaintiff.  (Docket Document 70, pp.  10 – 13).

Defendant's admissions were simple and concise and dealt with the issue of Plaintiff's cellphone and his written consent provided to Defendant Najera to have the cellphone searched. Plaintiff's non-responses to most of the requested admissions should result in the requests being deemed admitted.

Defendant incorporates herein by reference his Statement of Undisputed Facts in Support Summary Judgment.  Additionally, Defendant incorporates his verified Affidavit setting forth that one (1) cell phone was search/extracted.  (See Exhibit "B" attached to Defendant's Motion for Summary Judgment). Plaintiff provided voluntary and valid consent to Defendant Najera to have his cellphone searched and the data extracted.  While Plaintiff claims in his Amended Complaint that a second cell phone was taken, and an extraction performed that is incorrect.  Moreover, Plaintiff has provided no evidence that any such cellphone existed or that it was searched and an extraction took place.

Plaintiff has failed to state a claim for violation of his Fourth Amendment rights regarding the search of his cellphone as Plaintiff consented to the search and Defendant Mallery is entitled to judgment in his favor as a matter of law.

## II.        STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the nonmoving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." Kaucher v. Cty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Anderson vs. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in his favor." Monione v. City of Jersey City, 709 F.3d 181, 191 (3d Cir. 2013) (quoting Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) ); Anderson, 477 U.S. at 255; *see also* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002).

The burden of establishing that no "genuine dispute" exists is on the party moving for summary judgment. Celotex, 477 U.S. at 330. "A nonmoving party has created a genuine [dispute] of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001). The non-moving party must present "more than a scintilla of evidence showing that there is a genuine [dispute] for trial." Woloszyn v. Cty. of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005). To do so, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine

[dispute] for trial." <u>Celotex,</u> 477 U.S. at 324 (quotations omitted); see also <u>Matsushita,</u> 475 U.S. at 586; <u>Guidotti v. Legal Helpers Debt Resolution, L.L.C.,</u> 716 F.3d 764, 773 (3d Cir. 2013). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine dispute for trial. <u>Anderson,</u> 477 U.S. at 249. Credibility determinations are the province of the factfinder. <u>Vento v. Dir. of V.I. Bureau of Internal Revenue,</u> 715 F.3d 455, 477 (3d Cir. 2013).

While courts hold pro se pleadings to "less stringent standards than formal pleadings drafted by lawyers," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), at summary judgment, a pro se plaintiff is not exempt from his burden of providing some affirmative evidence, i.e. not just mere allegations, to establish a prima facie case, and to show that there is a genuine dispute for trial. See <u>Barnett v. N.J. Transit Corp</u>., 573 Fed. Appx. 239, 243 (3d Cir. 2014) (holding that the pro se plaintiff was still "required to designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories ... sufficient to convince a reasonable fact finder to find all the elements of her prima facie case") (citation and quotation omitted); <u>Mitchell v. Gershen</u>, 466 Fed. Appx. 84, 87 (3d Cir. 2011) (upholding a district court's grant of summary judgment against a *pro se* plaintiff for his failure to submit expert testimony in a denial of medical services suit); <u>Siluk v. Beard,</u> 395 Fed. Appx 817, 820 (3d Cir. 2010) ("[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural law."). Accord, <u>Angle v. Carter</u>, 2019 WL 981914 (WDPa 2019)

### III.   LEGAL ARGUMENT

It is well settled that the Fourth Amendment protects suspects from unreasonable searches. "[A] search conducted without a warrant issued upon probable cause is [presumptively] unreasonable ... subject only to a few specifically established and well-delineated exceptions."

United States v. Williams, 898 F.3d 323 (3D Cir 2018).  A search conducted with consent is one

such "established exception."  Id.

      The Supreme Court has instructed that the standard for measuring the limitations placed on

a consensual search "is that of objective reasonableness."  Thus, in determining the legal bounds

of a consensual search, we must determine "what would the typical reasonable person have

understood by the exchange between the officer and the suspect."  The Supreme Court has

acknowledged that consensual searches are important because they promote the effective

enforcement of criminal laws.  Schneckloth vs. Bustamonte, 412 U.S. 218, 228, 93 S.Ct. 2041

(1973). ("[A] search pursuant to consent may result in considerably less inconvenience for the

subject of the search, and, properly conducted, is a constitutionally permissible and wholly

legitimate aspect of effective police activity."). This is particularly true where there is lack of

probable cause to arrest or search because, in such situations, "a search authorized by a valid

consent may be the only means of obtaining important and reliable evidence."  Id.  *Accord,*

Williams.

      In the present matter, Plaintiff provided voluntary consent to have his cellphone searched.

(See Undisputed Facts, Najera-038) .   The consent was not coerced, and Plaintiff does not appear

to dispute its validity.  Instead, Plaintiff is seizing upon an error in Moving Defendant's report

where he references two cell phone extractions.  (Docket Document 70, p. 39)  There was never a

second cell phone or cell phone extraction – it was the extraction of (1) Plaintiff's cellphone and

(2) Plaintiff's cellphone SD card as documented by the extraction report.  Elsewhere within

Moving Defendant's reports and in Defendant Najera's reports it is clear that there is a single

cellphone which was in the possession of the Lehigh County Drug Task Force and which is the

phone which plaintiff provided consent to search and which was the subject of the extraction report later supplied to Moving Defendant.  (See, Docket Document 70, p. 35, 41).

Further, attached to Moving Defendant's Motion for Summary Judgment is an Affidavit correcting his report and confirming the search, after consent, of one cell phone.  (See Exhibit "B" attached to Defendant's Motion for Summary Judgment).  Moving Defendant swore, under oath that: On or about February 20, 2018 he received a cell phone extraction from Defendant Najera from one cellphone, belonging to Plaintiff.  This extraction was performed after Detective Najera received consent to search, as evidenced by Plaintiff's signature on the consent form.  (See Undisputed Facts, Najera- 038). The signed consent form lists **one** phone: ZTE Model Z717VL, S/N: 329F66835073.  However, Moving Defendant's report, dated February 18, 2018, erroneously stated that Codefendant Najera had copies of two (2) phone extractions from two (2) phones from Plaintiff.  Between the January 10, 2018 signed consent and his report dated February 18, 2018 Moving Defendant was advised by Defendant Najera of cell phone "extractions."  Since Najera used the word extractions (plural), Moving Defendant incorrectly assumed there were two (2) cell phones.  It was not until Moving Defendant received the actual extraction on February 20, 2018 that he became aware that one cell phone was searched but with two types of extractions: a physical extraction and a SIM card extraction.

Moving Defendant simply did not amend his February 18, 2018 report to reflect one (1) cell phone. However, his March 12, 2018 report clearly and unambiguously states "(O)n February 20, 2018 I received a copy of **a** phone extraction from Upper Saucon Detective, Frank Najera **a** cell phone belonging to Martin Jones.  I copied the extraction and placed it on file with this case file."   (emphasis added).

Moving Defendant never "searched" Plaintiff's phone.  He  received the extractions from Defendant Najera, who received a valid consent to search.

It is also respectfully submitted that Plaintiff's non-responsive answers to Moving Defendant's requests for admission should be deemed admitted.  A party may serve requests for admission upon an opposing party relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a); Caruso v Coleman Co., No. 93-6733, 1995 WL 347003, at *6 (E.D. Pa. Jun. 7, 1995) (purpose of requests for admissions is "for the parties to determine if they agree on particular facts, consequently narrowing or eliminating issues"). A request for admission "should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." United Coal Companies v. Powell Const. Co., 839 F.2d 958, 967-68 (3d Cir. 1988) (quoting Havenfield Corp. v. H & R Block, Inc., 67 F.R.D. 93, 96 (W.D. Mo. 1973)). If the answering party does not admit the request for admission, its answer "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Id. 20.

Defendant's admissions were simple and concise and dealt with the issue of Plaintiff's cellphone and his written consent provided to Defendant Najera to have the cellphone searched and his failure to respond to those admissions related to the authenticity, effect and timing of his consent should result in them being deemed admitted.

As stated by Defendant Najera, Moving Defendant cannot prove a negative fact (that a second phone didn't exist and wasn't the subject of a search). Plaintiff has not come forward with any evidence establishing the existence of a second cellphone search and extraction.  As such, his claim of an alleged Fourth Amendment violation should be dismissed with prejudice.

## IV.    CONCLUSION

For all of the foregoing reasons, Moving Defendant Joshua Mallery respectfully requests

that this Honorable Court grant his Motion for Summary Judgment, and enter the Order dismissing

the plaintiff's sole remaining claim regarding the cellphone search.


Respectfully submitted,

**BUCKS COUNTY LAW DEPARTMENT**


Date:  December 13, 2021          By:___*/s/ Keith J. Bidlingmaier*_____
                                   Keith J. Bidlingmaier, Esquire
                                   PA Identification No. 87776
                                   *Attorneys for Defendant,* Joshua Mallery

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Memorandum of Law in Support of Defendant's Motion for Summary Judgment was electronically filed with the Court on December 13, 2021 and is available for viewing and downloading from the ECF System. The following counsel of record were served via electronic notification:


Paul G. Lees, Esquire
4905 W. Tilghman Street, Suite 300
Allentown, PA  18104
Attorney for Defendant Najera

I hereby certify that a true and correct copy of the foregoing Brief in Support of Motion for Summary Judgment was served upon the following persons via first class mail, postage prepaid, addressed as follows:

Martin W. Jones
NN-4778
SCI-Camp Hill
PO Box 8837
2500 Lisburn Rd
Camp Hill, PA 17001


BUCKS COUNTY LAW DEPARTMENT

*/s/ Keith J. Bidlingmaier*
Keith J. Bidlingmaier, Esquire
Asst. County Solicitor
County of Bucks
55 E. Court Street
Doylestown, PA 18901


Dated:  December 13, 2021