IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN W. JONES,<br><br>   *Plaintiff,*<br><br>v.<br><br>FRANK NAJERA and JOSHUA MALLERY,<br><br>   *Defendants.* | CIVIL ACTION<br>NO. 19-4678 |

**PAPPERT, J.**                                  **August 16, 2022**

### MEMORANDUM

  Martin Jones sued police detectives Frank Najera and Joshua Mallery under 42 U.S.C. § 1983, alleging they searched his cell phones in violation of the Fourth Amendment. Both Defendants move for summary judgment. The Court grants Mallery's Motion but denies Najera's.

I

  On November 7, 2017, Detective Frank Najera, a member of Lehigh County's Drug Task Force, arrested Martin Jones for possessing drug paraphernalia. (November 8, 2017, Incident Report Form, ECF 73-2); (Detention Record, ECF 73-2); (Def. Najera's Resp. Plf.'s Interrogatories, ECF 96-1 at 11). During the arrest, he seized at least one phone from Jones. (Defendant Najera's Statement of Undisputed Facts ¶ 1, ECF 71-3.) Jones was released, but his phone was held at the Drug Task Force's headquarters. (January 10, 2018, Incident Report, ECF 71-3 at 6.)

  In early January, 2018, Bucks County Detective Joshua Mallery asked Najera to obtain Jones' consent to search his phone. (*Id.*); (Martin Jones Interview Summary at

1

2, ECF 89 at 33). On January 10, Najera met with Jones, who consented to the search. (Consent to Search, ECF 71-3). At some point prior to that meeting, Najera "obtained the phone from . . . evidence." (January 10, 2018, Incident Report); *see also* (Martin Jones Interview Summary at 2.)[1]

The subsequent extraction revealed that on January 1, 2018, someone drafted and deleted a text message on Jones' phone. (Physical Extraction of ZTE Z717VL cellphone & SD Card "Extraction," ECF 89 at 21.) At that point, Najera had neither a warrant nor Jones' consent to search the phone. (Martin Jones January 2, 2018, Interview Summary at 2, ECF 89 at 32.) Najera does not remember whether he was working on January 1 and does not recall drafting the message. (Def. Frank Najera's Resp. Pl.'s Interrogatories ¶¶ 24–25, ECF 96-1.)

Later, Mallery interviewed Jones girlfriend, Jenny Jones. (Jenny Jones Interview Summary, ECF 89 at 35.) In his summary of that interview, Mallery noted "Najera has copies of 2 separate phone extractions from 2 phones Marty Jones had in Lehigh County." (*Id.* at 3, ECF 89 at 37.) This appears to be the only time a second cellphone is mentioned in the record.[2] *See, e.g.*, (Summary–Martin Jones Cell Phone, ECF 89 at 39); (Prisoner Detention Record, ECF 89 at 69.) Mallery now claims his interview notes reflect a simple misunderstanding: Najera did have two extractions, a

---

[1]   On January 5, 2018, for example, Najera purportedly told Mallery that he "still had Jones['] phone." (Martin Jones Interview Summary at 2.)

[2]   Jones claims that Najera confiscated a second phone registered to him from a woman named Amanda Grieser, (Pl.'s Statement of Disputed Factual Issues, ¶ 4), but there is no indication this allegation is based on personal knowledge. *See* (*Id.* ¶ 5); (Am. Compl. ¶ 20 ("[P]laintiff didn't know about 2nd cell phone that defendant Najera had.")).

physical extraction and a SIM card extraction, but they came from a single phone. (Aff. Joshua Mallery ¶ 12, ECF 73.)

Jones was arrested in April 2018 by Mallery and other officers for various drug and gun offenses. *See* (Drug Strike Force Ops Plan, ECF 89 at 43); (Omnibus Pre-Trial Motion at ¶¶ 1–8, 10–11, ECF 89 at 45–48); (Martin Jones Arrest Summary, ECF 36 at 26–36). It does not appear the information recovered from his phone was related to the conduct for which he was charged. *Compare* (Summary–Martin Jones Cell Phone) *with* (March 31, 2018, Summary, ECF 89 at 40).

Jones then sued Najera and Mallery, claiming they searched his phones in violation of the Fourth Amendment.[3] (Am. Compl. ¶¶ 8–9, 17–21.) In particular, Jones alleged that he signed the consent form *after* Najera and Mallery had "viewed and extracted both cell phones." (*Id.* at ¶ 18.)

Defendants move for summary judgment. They argue that the undisputed evidence shows only one phone was seized and that Jones consented to the search of that phone. (Mem. Supp. Def. Najera's Mot. Summary J. at 6–7, ECF 71-4); (Mem. Supp. Def. Mallery's Mot. Summary J. at 6–7, ECF 73-1).

II

Summary judgment is proper if the movant proves "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is material if it may affect the outcome of the suit "under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine

---

[3] Jones also claimed Najera, Mallery and two other defendants unlawfully searched his home and conspired to violate his constitutional rights. (Am. Compl. ¶¶ 5, ECF No. 36.) The Court previously dismissed those claims with prejudice. (Order, ECF 42.)

3

dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A mere scintilla of evidence supporting the nonmoving party, however, will not suffice. *Id.* at 252. Rather, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256. These facts must allow it to "make a sufficient showing on essential elements" for which it bears the burden of proof. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015).

At summary judgment, a court may consider any material in the record that may be admissible at trial. *See* Fed. R. Civ. P. 56(c); *Pamintuan v. Nanticoke Memorial Hosp.*, 192 F.3d 378, 387–88 & n.13 (3d Cir. 1999). In doing so, a court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Prowel v. Wise Bus. Forms*, 579 F.3d 285, 286 (3d Cir. 2009). But it need not credit "[u]nsupported assertions, conclusory allegations, or mere suspicions." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010). Nor may a court make credibility determinations or weigh the evidence. *See Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016).

The same standards apply to prisoners proceeding *pro se*. With limited exceptions, "federal courts treat pro se litigants the same as any other litigant." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). "A *pro se* incarcerated person is not permitted to disregard the Federal Rules of Civil Procedure, and is not relieved of his obligation to cite competent evidence." *Talbert v. Corr. Dental Assocs.*, No. 18-5112, 2020 WL 6530317, at *1 (E.D. Pa. Nov. 5, 2020).

III

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. A warrantless search of a person's cell phone is presumptively unreasonable. *Riley v. California*, 573 U.S. 373, 381–82, 386 (2014). It is constitutional only if it fits within an exception to the warrant requirement. *United States v. Williams*, 898 F.3d 323, 329 (3d Cir. 2018).

One such exception is consent. If a party consents to a search of his belongings, his consent obviates the need for either a warrant or probable cause. *Fernandez v. California*, 571 U.S. 292, 298 (2014). But consent must be obtained before the search occurs, not after. *United States v. Clayton*, No. 18-524, 2020 WL 3034826, at *6 (E.D. Pa. June 4, 2020). "Consent following an illegal seizure does not in itself purge the taint of the illegality for Fourth Amendment purposes." *United States v. Mosley*, 454 F.3d 249, 261 n.19 (3d Cir. 2006).[4]

A reasonable jury could conclude Najera searched Jones' phone before he obtained his consent on January 10. The cell phone extraction shows that someone accessed Jones' phone on January 1, and Najera and Mallery's police reports allow the inference that the phone was in Najera's possession at the time. *See* (Extraction, ECF

---

[4] In a criminal case, the Government may "avoid the consequences of the exclusionary rule" by showing "the consent is sufficiently attenuated from the illegal seizure." *United States v. Lopez-Arias*, 344 F.3d 623, 629 (6th Cir. 2003); *see also Mosley*, 454 F.3d 261 n.19. That does not mean, however, that later consent renders lawful a search that was illegal when it was performed. *United States v. Johnson*, 2012 WL 5354601, at *7 (E.D. Pa. Oct. 31, 2012) (Police cannot "obtain consent after the fact [to] turn an illegal entry . . . into a permissible consent search.") The original search remains illegal; the question for the purposes of the exclusionary rule is whether "intervening events satisfactorily severed the connection" between the illegal search and the subsequent consent. *See United States v. Snype*, 441 F.3d 119, 132, 135 (2d Cir. 2006).

89 at 21); (January 10, 2018, Incident Report); (Martin Jones Interview Summary at 2). If so, Najera violated the Fourth Amendment by conducting a warrantless search of Jones' phone without his consent.

Because Jones' claim against Najera may proceed even if Najera seized only the phone for which consent was obtained on January 10, the Court need not decide whether Mallery's statement that Najera performed extractions on two of Jones' phones would be admissible under Federal Rule of Evidence 803(8). If it were, it would provide an independent basis for denying Najera's motion for summary judgment.

Najera makes much of Jones' purportedly inadequate responses to Najera's requests for admissions. (Mem. Supp. Def. Najera's Mot. Summary J. at 7.) But Jones' responses are largely irrelevant. Najera's requests focus on whether Jones' consented to a search of his phone on January 10 and whether Najera seized a second phone belonging to Jones. *See* (Requests for Admissions, ECF 89 at 13–19). They do not address whether Najera searched his phone before January 10, 2018, let alone whether he had Jones' consent to do so. Even if Jones' requests to "talk to a judge or a lawyer" in lieu of responding to requests regarding the January 10 consent form and the subsequent search were deemed admissions, (*id.* at 16–19), the fact that Jones subsequently authorized a search would not cure the earlier Fourth Amendment violation.[5] And Jones specifically denied that Najera seized only one of his phones. (*Id.* at 13–14.)

---

[5] Moreover, this is not a situation in which a party simply failed to respond to requests for admissions. *See Percella v. City of Bayonne*, No. 21-1504, 2022 WL 2207832, at *2 (3d Cir. June 21, 2022) ("A matter is admitted unless a party responds *or objects* within thirty days of being properly served.") (emphasis added). Jones did object, and Najera never moved under 30(a)(6) to determine the sufficiency of Jones' objections. The Court will not do so now, given Jones' *pro se* status and the

6

IV

The Court will grant Mallery's motion for summary judgment, however. While a reasonable jury could conclude that Jones' Fourth Amendment rights were violated by the search of his phone (or phones), there is nothing in the record connecting Mallery to those violations. Instead, the record shows that Mallery requested Najera obtain Jones' consent to a search and then received the extractions after they were complete. (Martin Jones January 2, 2018, Interview Summary at 2); (Summary-Martin Jones Cell Phone, ECF 89 at 39). Even if the search(es) violated the Fourth Amendment, Mallery was not responsible for that violation.

To survive a motion for summary judgment, "a § 1983 plaintiff must produce evidence supporting each individual defendant's personal involvement in the alleged violation." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 291 (3d Cir. 2018). Because nothing indicates Mallery participated in the allegedly unlawful searches of Jones' phones, he is entitled to summary judgment.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

Third Circuit's preference for resolving disputes on the merits. *See Moses v. United Parcel Serv., Inc.*, No. 21-670, 2022 WL 912589, at *2 (W.D. Pa. Mar. 29, 2022).